IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CREEKSTONE FARMS PREMIUM BEEF, LLC,

    Plaintiff,

  vs.          Case No. 06-1237-JTM

MILTON ABELES, INC.,

    Defendant.

MEMORANDUM AND ORDER

  Defendant Milton Abeles, Inc. ("Defendant Abeles") filed a motion requesting the court stay all proceedings in this action pending a final judgment of the United States District court for the Eastern District of New York in the case of *Milton Abeles, Inc., v. Creekstone Farms Premium Beef, LLC*, Index Number CV 06 3893.  Alternatively, defendant requests that the court transfer the action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).  For the following reasons, the court grants defendant's motion to stay pending a final judgment.

  Plaintiff, Creekstone Farms Premium Beef, LLC ("Creekstone") is a producer of premium beef products with a packing plant located in Arkansas City, Kansas.  Defendant Abeles is a meat distributor located in Port Washington, New York.  When plaintiff filed the present action with this court, it sought to collect an outstanding delinquent account balance from the

defendant. Defendant transacted business in the state of Kansas by ordering and receiving substantial quantities of premium beef products from plaintiff.

In a complaint dated July 11, 2006, Abeles filed a state court action in New York against plaintiff. Thereafter, defendant removed the action to the federal district court and filed an amended complaint in the Eastern District of New York on September 19, 2006.

The amended complaint sets forth seven causes of action against plaintiff. Defendant alleges that in June 2003, the parties entered into what defendant calls an oral joint venture partnership to promote plaintiff's products. Defendant alleges that plaintiff failed to timely deliver its products and that these deliveries contained significant shortages to a chain store known as Wild By Nature. As a result of the alleged failures on the part of plaintiff, defendant argues that it was required to make greater efforts to promote plaintiff's products. Additionally, the complaint alleges that as a result of defendant's efforts, other chain stores began to purchase plaintiff's products. Furthermore, it also notes that plaintiff was not honoring its obligations under the joint venture agreement and that it was selling products to Wild By Nature through another distributor. Finally, the defendant alleges causes of action for breach of the joint venture partner, breach of contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, unfair competition, unjust enrichment and quantum meruit against plaintiff. Defendant seeks damages for the alleged breaches by plaintiff.

Defendant argues that under the "first to file" rule, the action should be stayed pending a resolution of the first-filed action under the general principles of comity among the federal courts. This court noted in *Mohr v. Margolis*, 434 F. Supp. 2d 1051 (D. Kan. 2006):

> Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order 'to avoid the waste of duplication, and to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.' . . . To aid in achieving this goal, the 'first-to-file' rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court.

*Id*. In the present case, although this court is not reviewing the initial complaint in order to deny jurisdiction, the court grants defendant's motion in order to avoid interference with the matter in the United States District Court for the Eastern District of New York. Although the plaintiff argues that the same issues are not in dispute in the two cases, the court finds that the relationship between the two parties is in dispute in both cases. Therefore, the court will stay the present matter pending a resolution by the United States District Court for the Eastern District of New York.

IT IS ACCORDINGLY ORDERED this 6th day of February, 2007, that defendant's motion to stay (Dkt. No. 3) is granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE